IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **ERIN BEERY** | ) | CASE NO. 1:23-cv-57 |
| *Plaintiff*, | ) | |
| vs. | ) | |
| **SIEMENS MEDICAL SOLUTIONS USA, INC.** | ) | **COMPLAINT** |
| *Defendant.* | ) | With Jury Demand |

Plaintiff Erin Beery ("Beery"), for her Complaint, states as follows:

## PARTIES, VENUE AND JURISDICTION

1. Beery is a United States citizen and, at all times relevant, has been residing, and currently resides in, the City of Carmel, in Hamilton County, Indiana.

2. At all times relevant to the claims alleged herein, Beery was an "employee" and/or "person" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

3. Defendant Siemens Medical Solutions USA, Inc. ("Siemens" or "Defendant") is a for-profit corporation, formed in Delaware, and registered as a foreign corporation with the Indiana Secretary of State.

4. Siemens is an "employer" and/or "person" within the meaning of Title VII and within the Americans with Disabilities Act of 1990, ("ADA") and its amendments.

5. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's claims arising under Title VII.

6. Venue is proper in the Southern District of Indiana as the alleged acts, omissions, or failures

1

to act, took place, at least in part, in Hamilton County, Indiana.

7. Plaintiff has complied with the conditions precedent for bringing an action under Title VII and the ADA by filing a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") with respect to her discrimination and retaliation claims.

8. Plaintiff received a "Right to Sue" notice from the EEOC on October 12, 2022, and filed this action within 90 days of receipt.

## FACTUAL ALLEGATIONS

9. Siemens, which operates under the name "Siemens Healthineers," designs, builds, and services a broad range of medical devices such as, CT scanners, MRI machines, and X-ray equipment, used by hospitals to diagnose and treat patients.

10. Beery was hired by Siemens on May 3, 2021 as an Account Executive – Laboratory Diagnostics.

11. As an Account Executive, Beery was responsible for selling products, services and solutions to Siemens new and existing customers.

12. Beery spent the majority of her time working from her home in Carmel, Indiana, only visiting customer sites approximately two to four times per month on average.

13. On August 31, 2021, Siemens Healthineers announced and enacted a COVID-19 vaccine policy for its U.S. employees ("Vaccine Policy").

14. Siemens, through its Vaccine Policy, required "full vaccination for COVID-19 for [its] U.S. employees, contractors, and business partners, where conditions allow, who: 1) are customer-facing (e.g., those required to visit a customer/business partner site or interact in-person with customers at any conference or meeting) OR 2) come on-site, whether

regularly or occasionally, at any Siemens Healthineers location."

15. Siemens's Vaccine Policy stated that employees could request an exemption/accommodation for medical or religious reasons.

16. Concurrent with the enactment of its Vaccine Policy, Siemens issued a policy entitled "Reasonable Accommodation Guidelines – COVID-19 Vaccine."

17. The "Accommodation Guidelines" stated that Siemens would engage in an interactive process with the employee "to determine whether it can grant an exemption/reasonable accommodation" and "to identify possible accommodations."

18. Beery holds certain religious beliefs that conflict with the Vaccine Policy.

19. For example, one of Beery's religious beliefs is that abortion is immoral.

20. Because each of the COVID-19 vaccines approved for use in the United States had been generated by, or tested on, cell lines derived from an aborted fetus, Beery objected to personally taking any of the COVID-19 vaccines.

21. On or about October 5, 2021, Beery, in compliance with the Vaccine Policy and associated policies, timely submitted to Siemens a request for a permanent religious accommodation.

22. Beery asked that Siemens exempt her from the vaccine requirement because she primarily worked from home, and she provided results of an antibody test that showed she had natural immunity to the COVID-19 virus.

23. Siemens responded via email to Beery's request and asked her to provide some additional information needed by Siemens to assess her request.

24. On October 6, 2021, Siemens announced updates to its Vaccine Policy based upon President Biden's September 2021 Executive Order 14042 applicable to federal contractors.

25. The updated Vaccine Policy continued to allow employees to request accommodations/exemptions for medical or religious reasons.

26. On October 14, 2021, Beery promptly responded to Siemens's request for additional information, advising them that she only had 2 hospital accounts that required vaccinations and would not accept accommodations.

27. On October 15, 2021, Siemens notified Beery via email that it was denying her religious accommodation request, but that she could apply for a temporary medical exemption.

28. In the denial, Siemens wrote: "Without addressing and irrespective of the sincerity of your religious belief, we have carefully reviewed your request and based on your role as a customer-facing employee in a healthcare organization and the impact on the business, we are unable to accommodate your request."

29. Siemens did not engage in any interactive process with Beery prior to denying her accommodation request.

30. Because Beery was undergoing treatment for skin cancer at this time, Beery did seek a temporary medical exemption which was granted on November 10, 2021.

31. The temporary medical exemption was only approved through January 7, 2021.

32. On January 7, 2022, Siemens sent Beery an email stating that her temporary medical exemption was extended through January 31, 2022.

33. Beery continued to work after January 31, 2022 but she was afraid each day that she was going to be fired.

34. During the period from January 31, 2022 through March 25, 2022, Beery inquired numerous times about extending her temporary medical exemption, Siemens failed to respond.

35. The lack of communication, and the uncertainty of knowing if she was going to be terminated created a hostile work environment for Beery.

36. On March 25, 2022, Beery was constructively discharged from Siemens.

## COUNT 1
### (Religious Discrimination – Failure to Accommodate and Constructive Discharge: Violation of Title VII and ADA )

37. Beery re-alleges all prior paragraphs and incorporates them here by reference.

38. Beery holds sincere religious belief that conflicted with Siemens's Vaccine Policy.

39. Beery informed Siemens about her religious beliefs and how her beliefs conflicted with the Vaccine Policy.

40. Beery asked Siemens for an accommodation based on this conflict.

41. The accommodation that Beery proposed was reasonable.

42. Siemens denied Beery's request for an accommodation.

43. Siemens failed and/or refused to engage in an interactive process with Beery.

44. Had Siemens engaged in an interactive process with Beery, a reasonable accommodation would have been determined.

45. Siemens granted Beery a medical exemption, but it was only temporary, then refused to extend said exemption without providing a reason as to why.

46. Siemens's conduct, as described in this Count, constitutes unlawful religious discrimination in violation of Title VII.

47. As a direct and proximate result of Siemens's unlawful discrimination, as set forth above, Beery has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, pension/retirement benefit accruals, and other benefits to which she would be entitled. Some or all of Beery's damages will continue indefinitely into the

future.

48. Siemens acted with malice and/or conscious disregard of Beery's rights, and thus is liable to her for compensatory and punitive damages.

## COUNT 2
### (Retaliation: Violation of Title VII, and ADA)

49. Beery re-alleges all prior paragraphs and incorporates them here by reference.

50. By requesting that Siemens provide her with a reasonable accommodation based on her religious beliefs, Beery engaged in protected activity under Title VII.

51. Siemens was aware of Beery's request for an accommodation.

52. Thereafter, Siemens denied Beery's request, but granted a temporary exemption from the vaccine based on Beery's current health condition, skin cancer.

53. A causal nexus existed between Beery's engaging in protected activity and Siemens's decision not to extend her temporary medical exemption.

54. Siemens's conduct, as described in this Count, constitutes unlawful retaliation in violation of Title VII and the ADA.

55. As a direct and proximate result of Siemens's unlawful retaliation, as set forth above, Beery has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, pension/retirement benefit accruals, and other benefits to which she would be entitled. Some or all of Beery's damages will continue indefinitely into the future.

56. Siemens acted with malice and/or conscious disregard of Beery's rights, and thus is liable to her for compensatory and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, as to all of her claims for relief, Plaintiff prays for judgment against Defendant, as follows:

A. Issue a preliminary and permanent injunction prohibiting Defendant from abridging Plaintiff's rights to be free from employment discrimination;

B. Issue a declaratory judgment finding that the acts and omissions of Defendants as set forth herein violate Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, as amended, which specifically prohibit discrimination on the basis of religious beliefs and disabilities, and retaliation for engaging in protected activities;

C. Issue a preliminary and permanent injunction requiring Defendant to grant Plaintiff reinstatement with back pay;

D. Order Defendant to put Plaintiff in her "rightful place," including reinstatement to her prior position and restoration of any seniority lost due to Defendant's violations;

E. Make Plaintiff whole with appropriate back pay, front pay, benefits, and compensatory damages;

F. Punish and deter Defendant's unlawful discriminatory and retaliatory misconduct with appropriate punitive damages under Title VII and the ADA;

G. Grant Plaintiff pre-judgment and post-judgment interest on the amounts awarded as allowed by law;

H. Award Plaintiff costs and reasonable attorney fees; and

I. Grant such other relief as is necessary to make Plaintiff whole.

Respectfully submitted,

/s/
CHRISTOPHER E. CLARK 18577-29
GOODIN ABERNATHY, LLP
301 E. 38th Street
Indianapolis, IN  46205
(317) 843-2606 (Telephone)
cclark@goodinabernathy.com
Attorney for Plaintiff Erin Beery

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

> */s/*
> CHRISTOPHER E. CLARK